RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE    10/25/11
        JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

KEVIN JONES

CIVIL ACTION NO. 1:11-cv-00363

VERSUS

DISTRICT JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

STATE OF SOUTH CAROLINA, et al.

REPORT AND RECOMMENDATION

Pro se plaintiff Kevin Jones ("Jones") filed a civil rights complaint pursuant to 42 U.S.C. §1983 against the State of South Carolina ("South Carolina"), the Second Circuit Court ("2nd Circuit"), Judge Doyett A. Early III ("Judge Early"), Adele Pope ("Pope") and Russell Bauknight ("Bauknight") on March 4, 2011.[1] (Doc. 1). In the complaint, Jones contends his civil rights were violated because the defendants engaged in a conspiracy to prevent him from proving his blood relation to singer James Brown and he was denied access to the court. Jones seeks declaratory relief in that he asks this court to appoint him as executor of James Brown's estate and act as the probate court in the matter.

---

[1] In Jones' two motions to amend (Doc. 45 and 50), he seeks to add LabCorp. and its purported employee, Dr. Maha, as defendants to this civil rights lawsuit because they presented fraudulent DNA results to prevent Jones from being named as James Brown's brother and cousin. It is worth noting that neither LabCorp. nor Dr. Maha are alleged to be anything other than private parties. Accordingly, they cannot act under the color of state law as required pursuant to §1983 unless proven to engage in a conspiracy with state actors. There are simply no allegations linking the alleged state actors with any of the private parties for purposes of engaging in a civil conspiracy for the purpose of depriving Jones of his constitutional rights.

Each defendant has filed a motion for summary judgment (Docs. 16, 21, 30 and 42). These motions as well as the oppositions filed by Jones (Doc. 25, 27 and 44) are currently before the undersigned for report and recommendation.

## FACTUAL BACKGROUND

Jones contends he is both the half brother and cousin of singer and entertainer, James Brown. Jones further contends that it was Mr. Brown's wish that his estate be allocated to his grandchildren for financial support and underprivileged children in South Carolina and Georgia so they could go to college; however, Judge Early rewrote the will to reflect otherwise.[2] Jones further contends that the defendants conspired to devise a plan in which they would provide Jones false DNA test results to prevent him from proving he was related to James Brown.

## LAW AND ANALYSIS

### Venue

Section 1983 does not contain a venue provision; thus, venue is determined under the general venue statute, 28 U.S.C. §1391. Pursuant to §1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State,(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

---

[2] Neither party provides much guidance as to the court proceedings which took place in South Carolina. However, the record reflects Judge Early presided over the probate proceedings and Pope and Bauknight represented the estate at some point in time.

2

in situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

It is the plaintiff's burden to prove he chose the proper district for the litigation. Though Jones makes no argument in favor of venue, it is clear from his complaint that all of the defendants reside in South Carolina and the causes of action arise from events in South Carolina. Accordingly, the proper venue is South Carolina District Court, not the Western District of Louisiana.[3]

When venue is improper, the district court shall dismiss the case or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). When a plaintiff is proceeding pro se, the interests of justice are sometimes best served by transferring the case to a court and district where it could have been brought. However, in this case, there are additional bases for dismissal of the entire lawsuit. Thus, dismissal is recommended.

Additional Bases for Dismissal

State of South Carolina

The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives its sovereign immunity. U.S. Const. Amend. XI; Seminole Tribe of Florida. v. Florida, 517

---

[3] Though Jones seeks transfer to the District of Columbia, in his motion to transfer the case (Doc. 44), that is not a proper venue either as no defendant is from nor do any claims arise out of events occurring in the District of Columbia.

3

U.S. 44, 54 (1996). While Congress may abrogate a state's immunity, it must be done unequivocally and no such abrogation has been made with respect to civil rights cases under 42 U.S.C. §1983. Id. at 55; Quern v. Jordan, 440 U.S. 332, 338-40 (1979); Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).

The State of South Carolina has specifically denied consent to suit in federal court in the South Carolina Tort Claims Act. See, §15-78-20 South Carolina Code of Laws. Without a waiver, South Carolina cannot be sued in this court.

Additionally, "the relief sought by a plaintiff suing a State is irrelevant to the question of whether the suit is barred by the Eleventh Amendment." Seminole Tribe of Florida, 517 U.S. at 58, citing Cory v. White, 457 U.S. 85, 90 (1982). Thus, it is of no consequence that the only relief sought is declaratory relief.

Accordingly, South Carolina's motion to dismiss should be granted.

Second Circuit Court

It is clear that a defendant in a §1983 suit must be a "person". The 2nd Circuit is not a person, so it cannot be sued under §1983. Even if it was a "person" subject to suit under §1983, [i]t has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents

4

of the University of California v. Doe, 519, U.S. 425, 429 (1997), citing Poindexter v. Greenhow, 114 U.S. 270, 287 (1885); In re Ayers, 123 U.S. 443, 487 (1887); Smith v. Reeves, 178 U.S. 436, 438-439 (1900); Ford Motor Co. v. Dept. of Treasury of Ind., 323 U.S. 459 (1945). Accordingly, the claims against the Second Circuit Court should be dismissed.

### Judge Early

42 U.S.C. §1983 states:

> Every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory in the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress, **except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.** For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis supplied).

Jones has not alleged that either of the prerequisites for injunctive relief (violation of a declaratory decree or unavailability of declaratory relief) were met. Further, there is no indication from the record that either of the prerequisites could be met. Therefore, Judge Early's motion to dismiss should be granted.

### Pope and Bauknight

"A lawyer, whether he/she is privately retained, court-

appointed, or a public defender, does not act under the color of state law, which is a judicial prerequisite to any action under 42 U.S.C. §1983). Mills v. Greenville County, 586 F.Supp.2d 480, 485 (D.S.C. 2008). See also, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980), cert. denied 454 U.S. 1141 (1982) (court appointed counsel); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). There is no indication that either Pope or Bauknight were state actors. Their client was the estate of James Brown, not the State of South Carolina.

Though a private party can be found to act under color state law when acting in a conspiracy with a state official to deprive another of constitutional rights[4], there is no indication, other than Jones' self serving, conclusory statement, that there was a conspiracy. "Mere conclusory allegations of conspiracy cannot, absent reference to material facts" state a claim for conspiracy under section 1983). Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982).

As, Jones fails to articulate, much less prove, the alleged state actors and any of the private parties worked together for the common goal of depriving him of his constitutional rights, the

---

[4] Meade v. Dillard Dept. Stores, 375 F.3d 43 (5th Cir. 2001); Bass v. Parkwood Hosp., 180 F.3d 234, 241 (5th Cir. 1999); Adickes v. Kress, 398 U.S. 144, 150-152 (1970); Dennis v. Sparks, 499 U.S. 24 (1980); Lugar v. Edmondson Oil Co., 457 U.S. 922, 931 (1982).

claims against Pope and Bauknight should be dismissed.[5]

## Conclusion

In light of the foregoing, **IT IS RECOMMENDED** that the defendants' motions to dismiss (Doc. 16, 21, 30 and 42) be **GRANTED** and Jones' case be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of October, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[5] Further, neither LabCorp. nor Dr. Maha should be added as defendants.